UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE INC, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>         Defendant. | Case No. 16-cv-06969-JSW   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT LETTER**<br><br>Re: Dkt. No. 99 |

This lawsuit has been referred to the undersigned magistrate judge for resolution of discovery disputes. Now pending before the Court is a discovery dispute joint letter regarding the time limits of Plaintiffs' discovery requests. (Dkt. No. 99.) After carefully considering the parties' written submission, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and denies the relief sought by the letter.

Plaintiffs seek to require Defendant to search for responsive documents going back through June 2009—apparently for every single request without distinction. The Court is not persuaded by Plaintiffs' one-size-fits-all approach.

First, Plaintiffs' apparent assertion that their disparate impact claims reach back to June 2009 and that the district court acknowledged the applicability of the continuous violation doctrine to allow them to do so misstates the record. Defendant moved to dismiss the disparate impact claims as barred by the statute of limitations "to the extent a purported disparity [is] based on their investigation that occurred from 2011 to 2015—which includes many inspections outside the limitations timeframe." (Dkt. No. 29 at ECF 19.) According to Defendant, for the inspections to supply actionable evidence of disparities, the inspections and evidence derived from them would

have had to occur after May 2013, which is as far back as the statute of limitations reaches for this case. Defendant concluded: "They have not alleged a disparity based on observations between 2013 and 2015 and thus have not sufficiently alleged a disparity." (*Id.*) The district court disagreed that the disparities uncovered by the 2011 to 2015 investigation that involve observations before May 2013 could not form the basis of the disparate impact claim.

> "[P]restatute of limitations data is generally both relevant and frequently used in such matters as evidence of the alleged discriminatory practice, even when a plaintiff may not directly recover as to events occurring outside the applicable time period." Based on the Court's review of the allegations, the factual background facts outside of the limitations period may relevant even when they do not form the basis for independent liability and are not grounds for dismissal.

(Dkt. No. 38 at 10.) Thus, to the extent the district court adopted Plaintiffs' continuing violation theory, it was in the context of 2011 to 2015 investigation, not conduct that occurred before then.

Second, Plaintiffs argue that the 2009 time frame is relevant to their background allegations regarding their meetings with Fannie Mae. (Amended Complaint para.18, 157-59, 163.) As a preliminary matter, the district court did not hold, as Plaintiffs suggest, that the 2009 meetings supported an inference of discriminatory intent; instead, the district court held that Plaintiffs' allegations that following their investigation begun in 2011 Fannie Mae refused to change its conduct was sufficient at the pleading stage to support discriminatory intent. (Dkt. No. 70 at ECF 9-10.) Nonetheless, evidence of the 2009 meetings could provide support for the alleged discriminatory intent and they are alleged as background facts in the Amended Complaint. Thus, evidence regarding those meetings is relevant evidence. But although Defendant offered to produce documents relevant to particular requests, Plaintiffs chose to argue that their right to develop background facts means that Defendant must search back to June 2009 for all requests. That position is not reasonable nor consistent with Federal Rules of Civil Procedure 1 and 26(b).

However, Defendant requests that the Court limit all discovery to information that post-dates July 1, 2011 is too cramped. Defendant contends that because Plaintiffs' investigation commenced in July 2011, any conduct before that time is irrelevant to their claims. While the Court is not familiar with the intricacies of the claims or evidence, it seems that if Plaintiffs'

disparate impact analysis is based on a house that Fannie Mae was responsible for before July 2011, information that Fannie Mae has about that house might be relevant and discoverable, even if the information was created before that date. And, as explained above, evidence of the 2009 meetings and Defendant's response, or lack thereof, to them is also relevant to Plaintiffs' claims. Thus, Defendant had it right when they offered to consider going back to June 2009 for particular requests. They are required to consider whether a search to June 2009 might be appropriate for a particular request.

Accordingly, all the relief sought in the joint discovery letter is DENIED.

This Order disposes of Docket No. 99.

**IT IS SO ORDERED.**

Dated: August 24, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3